PAYNE et al. v. GODFREY et al.

(Supreme Court, Appellate Division, First Department. February 5, 1897.)

DEFECT OF PARTIES—ACTION ON UNDERTAKING.

A complaint on an injunction bond does not show a defect of parties defendant where it alleges the commencement of an injunction proceeding, and that an undertaking was therein given to plaintiffs "and others," who were defendants in that action; that plaintiffs were therein enjoined from collecting money; that the temporary injunction was vacated; and that the amount of damages sustained by plaintiffs was fixed by an order of the court.

Appeal from special term, New York county.

Action by Benjamin N. Payne and another against James W. Godfrey and another on an undertaking. From a judgment overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

John L. White, for appellants.
E. V. Thornall, for respondents.

INGRAHAM, J. The only question presented on this appeal is whether it appears upon the face of the complaint that there is a defect of parties plaintiff. It is only where an objection thus appears that it can be taken by demurrer. Code Civ. Proc. § 488. Where such objection does not appear upon the face of the complaint, it must be taken by answer. Id. § 499. A copy of the undertaking sued on is annexed to the complaint. Thereby the defendants do jointly and severally undertake that the plaintiff will pay, to the defendants and parties so enjoined, such damages, not exceeding the sum of $250, as they may sustain by reason of the injunction. Even assuming, which, however, we do not decide, that this is an obligation jointly to the defendants and parties enjoined, if it does not appear upon the face of the complaint that there were others than the plaintiffs in this action who were the defendants and parties enjoined, the demurrer was not well taken. The complaint alleges the commencement of the action in which the undertaking was given, and in which it is stated that the plaintiffs in this action, and others, were the defendants. It is also alleged that an injunction was granted restraining these plaintiffs from in any wise collecting, receiving, demanding, or attempting to collect, sue for, or enforce the payment to them of any money, notes, or other things of value from one William Noble, one of the defendants in that action; that subsequently, as required by an order of the court, the plaintiff in the said action was required to give a new undertaking, and that the undertaking in suit was given under such order, which undertaking was duly approved by one of the justices of this court, and filed in the office of the clerk; that subsequently the temporary injunction was vacated by the general term of the supreme court; and that, by subsequent proceedings, the amount of the damages sustained by these plaintiffs was fixed by an order of the court at the sum of $500.

We think it quite clear that there is no allegation in this complaint that any other than the plaintiffs were necessary parties to this action. The only injunction alleged in the complaint is an injunction restraining these plaintiffs from prosecuting their claims against Noble. There is no allegation that any other injunction was granted; that any other defendants in the action in which the injunction was granted were served with process; and it does not appear that there were any persons other than the plaintiffs either enjoined in the original action, or who, though not enjoined, sustained any damage by reason of the injunction. By section 448 of the Code, it is provided 'that those who are united in interest must be joined as plaintiffs or defendants. But as it does not appear upon the face of the complaint that there is any one entitled to recover anything upon this undertaking, except the plaintiffs, the objection must be taken by answer. The judgment was therefore right, and should be affirmed, with costs.

There is also an appeal from the order or decision upon which the interlocutory judgment was entered. As no such appeal is allowed by the Code, the appeal from such order or decision must be dismissed. All concur.